# TYNES LAW FIRM, P.A.

### ATTORNEYS AT LAW

DOUGLAS L. TYNES, Of Counsel
DOUGLAS L. TYNES, JR.
COURTNEY P. WILSON

325 KREBS AVENUE
PASCAGOULA, MS 39567
(228) 769-7736 Telephone
(228) 769-8466 Facsimile
www.tyneslawfirm.com

MAILING ADDRESS:
POST OFFICE DRAWER 966
PASCAGOULA, MS 39568-0966

September 4, 2025

Michael Anfang, Chief Counsel
Continental District
Office of Chief Counsel
155 Van Gordon , Suite 551
Lakewood, CO 80228

Re:     *Rachael King, Wrongful Death Beneficiary of Christopher King v. Veterans Administration*

Dear Sir:

Enclosed please find an original of the SF95 Claim for Damage, Injury, or Death for the wrongful death of Christopher King that occurred on October 25 & 26, 2023.

If you have any questions or concerns, please feel free to contact me.

Thank you for your assistance in this matter.

Sincerely,

Douglas L. "Monte" Tynes, Jr.

DLT, Jr./
Enclosures – As stated

**EXHIBIT**

"A"

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Office of General Counsel<br>155 Van Gordon, Suite 551<br>Lakewood, CO 80228 | Rachael King<br>877 McKenzie Road<br>Cantonment, FL 32533 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY   ☒ CIVILIAN | 11/17/1969 | widowed | 10/25/2023   Wednesday | 10:00am to 10pm |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

My Husband, Christopher Lee King, presented to the Emergency Room at the VA Hospital lat 400 Veterans Blvd., Biloxi, MS 39531 with chest pains, fever, and chills.  The VA ran labs which showed critically elevated troponin levels when he arrived at the Emergency Room.  The doctors at the VA Emergency Room discharged him with a diagnosed of anxiety attack and a cold.  Mr. King continued to have chest pains all night.  The next morning as we were headed back to the ER, he passed away in the car on the way to the VA ER where he was pronounced dead.  The autopsy shows he died of an acute myocardial infarct.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

See Exhibit A

| 11. | WITNESSES |
|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| Rachael King<br>Medical Providers Attached Exhibit B | 877 McKenzie Road, Cantonment, FL 32533<br>Attached Exhibit B |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| 0.00 | 1,000,000 | 1,000,000 | 2,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *Rachael E. King* | 850-390-0993 | 09/04/2025 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? ☐ Yes    If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No    17. If deductible, state amount.

N/A

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).
N/A

19. Do you carry public liability and property damage insurance? ☐ Yes    If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

N/A

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV (2/2007) BACK

**EXHIBIT "A"**

8.    **BASIS OF CLAIM**

i.       On or out October 25, 2023 between 9:00 a.m. and 10:00 a.m., Christopher Lee King, presented to the Emergency Room at the VA at 400 Veterans Blvd., Biloxi, MS 39531 with chest pains, fever, and chills. He had been throwing up the night before. The VA ran labs.   The Lab Results showed critically elevated cardiac enzyme levels when he arrived at the Emergency Room.   After hours of waiting the Emergency Room Doctor, Christopher J. Vaughan, discharged Mr. King with the diagnosis of anxiety attack and cold at 5:19 pm.   The standard of care requires an immediate, rapid, and comprehensive workup that would rule out life threating conditions, such as acute myocardial infarct.   This was not done.   Trapoinin and other cardiac enzymes levels were not repeatedly tested and monitored, and standard heart attack protocols were not implemented.

After discharge and throughout the night Mr. King suffered with significant chest pains and vomiting.   The next morning Mrs. King put Mr. King into the car to take him back to the Emergency Room at the VA in Biloxi where he died in the parking lot and he was taken into the VA where he was pronounced dead.   The autopsy revealed he died of an acute myocardial infarct.

ii.      **PERSONS INVOLVED**

Christopher Lee King, deceased

Rachel King – witness/wife
877 McKenzie Road
Cantonment, FL 32533

VA Medical Center (Physicians, nurses, and other personnel on Staff)
400 Veterans Blvd.
Biloxi, MS 39531

David Jenkins, MD
VA Medical Center
400 Veterans Blvd.
Biloxi, MS 39531

Derek M. Gordon, MD
VA Medical Center
400 Veterans Blvd.

Biloxi, MS 39531

David Van Echo, MD
VA Medical Center
400 Veterans Blvd.
Biloxi, MS 39531


Christopher J. Vaughn, Nurse Practitioner
VA Medical Center
400 Veterans Blvd.
Biloxi, MS 39531

Justin A Strittmatter
VA Medical Center
400 Veterans Blvd.
Biloxi, MS 39531

Marjorie G. Sy
VA Medical Center
400 Veterans Blvd.
Biloxi, MS 39531

Lee Brandon Simmons
VA Medical Center
400 Veterans Blvd.
Biloxi, MS 39531

Bethany A. Boris
VA Medical Center
400 Veterans Blvd.
Biloxi, MS 39531

Grace E. Sadler
VA Medical Center
400 Veterans Blvd.
Biloxi, MS 39531

John M. Shavers
VA Medical Center
400 Veterans Blvd.
Biloxi, MS 39531

Judy A. Douglas
VA Medical Center

400 Veterans Blvd.
Biloxi, MS 39531

Martha B. McDermott
VA Medical Center
400 Veterans Blvd.
Biloxi, MS 39531

Nichole M. Williamson
VA Medical Center
400 Veterans Blvd.
Biloxi, MS 39531
Lauren Atchison
VA Medical Center
400 Veterans Blvd.
Biloxi, MS 39531

Margaret C. Dahl
VA Medical Center
400 Veterans Blvd.
Biloxi, MS 39531

The Claimants reserve the right to supplement this list.

### iii.    PLACE OF OCCURRENCE AND CAUSE THEREOF

This incident occurred on October 25, 2023 and October 26, 2023, on 400 Veterans Blvd., Biloxi, Mississippi, Harrison County, Mississippi at approximately starting at 10:00 a.m. until he pronounced dead the next day by Dereck M. Gordon, MD.

10.    Christopher Lee King sustained injuries and wrongful death and was seen at the VA Hospital for chest pains and the medical providers failed to diagnose his heart attack, failed to run the appropriate tests, failed to transfer him to a hospital that could handle his emergent needs, and failed to appropriately treat his heart attack.   As a result, Christopher Lee King died and suffered, among others past, medical expenses, consequent expenses, pain and suffering, mental anguish, emotional distress and loss of enjoyment of life, etc.   Rachael King and the other wrongful death beneficiaries suffered loss of companionship as well as other damages.

A copy of the medical records in our possession are attached as Exhibit B.   We reserve the right to supplement.