## EXHIBIT "B"

1. VA Medical Center Records

2. Autopsy

3. Death Certificate

4. Pathology Report

5. Witness List



**U.S. Department of Veterans Affairs**
**Office of General Counsel**

Torts Law Group (02)
One Veterans Drive, Building 73
Minneapolis, MN 55417

Email: ogc.torts@va.gov

In Reply Refer To: GCL 557795

October 10, 2025

Tynes Law Firm, PA
PO Box 966
Pascagoula, MS 39568-0966

RE:　Administrative Tort Claim – Veteran Christopher King

Dear Attorney Tynes:

The U.S. Department of Veterans Affairs (VA) received your tort claim on September 24, 2025.

The Federal Tort Claims Act (FTCA) provides a uniform procedure for the handling of tort claims filed against the United States, 28 U.S.C. §§ 1346(b) and 2671-2680. The FTCA provides monetary compensation when a government employee, acting within the scope of employment, injures another by a negligent or wrongful act or omission. If the claim is still pending once six (6) months have elapsed, you have the option (if you wish) to file the claim as a lawsuit in an appropriate federal district court; alternatively, you may continue to wait for the agency's decision.

A combination of federal and state laws govern FTCA claims. Some state laws may limit or bar a claim or lawsuit, and other state laws may govern the actions of independent contractors (i.e., non-VA providers). The FTCA does not govern the acts of community providers or independent contractors. If a provider named in your claim is an independent contractor, VA will notify you. Although you are not required to have legal representation, if your claim involves a contractor or an independent contractor, you are encouraged to seek legal advice from a private (non-VA) attorney. Obtaining legal advice can be beneficial because deadlines for filing claims against independent contractors or community providers are governed by statutes of limitations in the states or territories where the claim arose.

Your claim has been assigned to an investigator. Our office works on cases chronologically based on the date they are received. Because tort claim investigations may take longer than six (6) months to complete, we appreciate your patience with the investigation. If you are not contacted after six (6) months from the date of this letter, you may contact us in writing at the address shown above. Please include the GCL number at the top of this letter when contacting our office. VA staff investigating FTCA claims work for the federal government and cannot provide you with personal legal advice or representation. Further information about the tort claim process may be found at: https://www.va.gov/OGC/FTCA.asp.

Sincerely,

Torts Law Group
Office of General Counsel

**VA** | U.S. Department of Veterans Affairs
Office of General Counsel

Torts Law Group (021)
810 Vermont Avenue, NW
Washington, DC 20420
Email: ogc.torts@va.gov
In Reply Refer To: GCL# 559795

Certified Mail 9589 0710 5270 2074 0491 35

February 17, 2026

Douglas L. "Monte" Tynes, Jr.
TYNES LAW FIRM, P.A.
PO Drawer 966
Pascagoula, MS 39568-0966

RE:     Administrative Tort Claim on behalf of Veteran Christopher King and Rachael King

Dear Mr. Tynes:

The Department of Veterans Affairs (VA) has thoroughly investigated the facts and circumstances surrounding your client's administrative tort claim. Our adjudication of their claim included a review of the veteran's medical records, a review of the claim by an independent medical reviewer, and information from VA medical personnel.

Per our previous letter dated December 1, 2025, the treatment in the VA Emergency Room on 10/25/2023 was given by a contract physician.  The FTCA does not provide authority to pay for claims for negligence attributable to contractors.

The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671-2680, under which your client filed the claim, provides for monetary compensation when a Government employee, acting within the scope of employment, injures another by a negligent or wrongful act or omission. Medical negligence means there was a breach in the standard of care and that breach proximately caused an injury. The standard of care is the level at which similarly qualified medical professionals would have managed the care under the same or similar circumstances. Our review concluded there was no negligent or wrongful act on the part of a VA employee acting within the scope of employment that caused compensable harm. Accordingly, we deny the claim.

If your client is dissatisfied with the denial of the claim, they may file suit directly under the FTCA, 28 U.S.C. §§ 1346(b) and 2671-2680. The FTCA provides that when an agency denies an administrative tort claim, the claimant may seek judicial relief in a Federal district court. The claimant must initiate the suit within six (6) months of the mailing of this notice as shown by the date of this denial (28 U.S.C. § 2401(b)). In any lawsuit, the proper party defendant is the United States, not the Department of Veterans Affairs.

Please note that FTCA claims are governed by a combination of Federal and state laws. Some state laws may limit or bar a claim or lawsuit. VA attorneys handling FTCA claims work for the Federal government and cannot provide advice regarding the impact of state laws or state filing requirements.

Sincerely,

*Chief Counsel*
Torts Law Group

**VA** | U.S. Department of Veterans Affairs
Office of General Counsel

Torts Law Group (02)
One Veterans Drive, Building 73
Minneapolis, MN 55417

Email: ogc.torts@va.gov

In Reply Refer To: GCL 557795

October 10, 2025

Tynes Law Firm, PA
PO Box 966
Pascagoula, MS 39568-0966

RE:     Administrative Tort Claim – Veteran Christopher King

Dear Attorney Tynes:

The U.S. Department of Veterans Affairs (VA) received your tort claim on September 24, 2025.

The Federal Tort Claims Act (FTCA) provides a uniform procedure for the handling of tort claims filed against the United States, 28 U.S.C. §§ 1346(b) and 2671-2680. The FTCA provides monetary compensation when a government employee, acting within the scope of employment, injures another by a negligent or wrongful act or omission. If the claim is still pending once six (6) months have elapsed, you have the option (if you wish) to file the claim as a lawsuit in an appropriate federal district court; alternatively, you may continue to wait for the agency's decision.

A combination of federal and state laws govern FTCA claims. Some state laws may limit or bar a claim or lawsuit, and other state laws may govern the actions of independent contractors (i.e., non-VA providers). The FTCA does not govern the acts of community providers or independent contractors. If a provider named in your claim is an independent contractor, VA will notify you. Although you are not required to have legal representation, if your claim involves a contractor or an independent contractor, you are encouraged to seek legal advice from a private (non-VA) attorney. Obtaining legal advice can be beneficial because deadlines for filing claims against independent contractors or community providers are governed by statutes of limitations in the states or territories where the claim arose.

Your claim has been assigned to an investigator. Our office works on cases chronologically based on the date they are received. Because tort claim investigations may take longer than six (6) months to complete, we appreciate your patience with the investigation. If you are not contacted after six (6) months from the date of this letter, you may contact us in writing at the address shown above. Please include the GCL number at the top of this letter when contacting our office. VA staff investigating FTCA claims work for the federal government and cannot provide you with personal legal advice or representation. Further information about the tort claim process may be found at: https://www.va.gov/OGC/FTCA.asp.

Sincerely,

Torts Law Group
Office of General Counsel

**EXHIBIT**

"B"